UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY ROSENBERG; JACQUELINE ROSENBERG; ELTHA JORDAN,

                      Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

                      Defendants.

20-CV-3911 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURES

COLLEEN McMAHON, Chief United States District Judge:

      Rudy Rosenberg, Jacqueline Rosenberg, and Eltha Jordan filed this joint complaint *pro se.* The relevant fees were not paid, and Plaintiffs failed to submit applications for leave to proceed *in forma pauperis* (IFP). The Court also notes that the signatures on the complaint are computer-generated. Rudy Rosenberg's signature appears in one font, while those of Jacqueline Rosenberg and Eltha Jordan appear in a font that differs from Rudy Rosenberg's, but are identical to each other's.[1] Moreover, each Plaintiff submitted an "amended motion to proceed by pseudonym," which bears the same computer-generated signatures.

      To proceed with a civil action in this Court, a litigant must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914.

      In addition, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the

---

[1] Rudy Rosenberg and Eltha Jordan have previously filed cases in this court, and documents they submitted in those actions bear different signatures than the documents filed in this case. *See, e.g.*, *Shemiran Co. LLC v. Jordan*, ECF 1:19-CV-6858, 1 (S.D.N.Y. July 23, 2019) (IFP application); *Rosenberg v. Shemiran Co. LLC*, ECF 1:20-CV-2259, 1 (S.D.N.Y. Mar. 10, 2020) (IFP application).

attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Within thirty days of the date of this order, Plaintiffs must do three things. First, Plaintiffs must either pay the $400.00 in fees, or each submit the attached IFP application. Second, to remedy the lack of original signatures, each Plaintiff must sign and submit the attached declaration form affirming his or her intention to be a plaintiff in this matter. Third, each Plaintiff must resubmit the signature page from his or her "amended motion to proceed by pseudonym." If Plaintiffs submit these documents, they must bear original signatures and be labeled with docket number 20-CV-3911 (CM).

In light of the current global health crisis, parties proceeding pro se are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Pro se parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. Pro se parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

They Clerk of Court is directed to mail a copy of this order to each Plaintiff and note service on the docket. If Plaintiffs comply with this order, the case will be processed in accordance with the procedures of the Clerk's Office. Only those Plaintiffs who comply with this

order within the time allowed will be permitted to proceed as parties to this action. If no Plaintiff complies, the matter will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 22, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge