UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY ROSENBERG; JACQUELINE ROSENBERG; ELTHA JORDAN,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                    Defendants. | 20-CV-3911 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

Rudy Rosenberg, Jacqueline Rosenberg, and Eltha Jordan filed in this Court a *pro se* complaint and motions to proceed by pseudonym. Plaintiffs did not pay the filing fee, and only Plaintiff Rudy Rosenberg applied for leave to proceed *in forma pauperis* (IFP). By order dated May 22, 2020, Chief Judge McMahon issued an order directing Plaintiffs to remedy these issues within thirty days or have their claims dismissed without prejudice. The complaint and other submissions were designated "court-view only" pending resolution of the motion to proceed by pseudonym.

Plaintiff Rudy Rosenberg then filed motions seeking Chief Judge McMahon's recusal, "clarification" of the May 22, 2020 order, and other relief. (ECF Nos. 6-8). The matter was then reassigned to my docket.

For the reasons set forth below, the Court denies Plaintiff's motion for recusal as moot, dismisses without prejudice the claims of Jacqueline Rosenberg and Eltha Jordan, and denies the motion to proceed by pseudonym and the other requests for relief. The action will proceed with Plaintiff Rudy Rosenberg as the sole plaintiff, under his real name, unless he notifies the Court within 30 days that he wishes to withdraw the action.

## DISCUSSION

**A.     Recusal**

Because this action has been reassigned to my docket, Plaintiff's motion seeking to have Chief Judge McMahon recuse herself is denied as moot. The Court notes, however, that nothing in Plaintiff's application would cause any objective observer to infer bias, and it therefore does not appear that there was any basis for Chief Judge McMahon to recuse herself from this action. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**B.     Jacqueline Rosenberg and Eltha Jordan**

The May 22, 2020 order directed Jacqueline Rosenberg and Eltha Jordan each to submit an IFP application to proceed with this action. Neither has submitted an IFP application or sought an extension of time to do so. The Court therefore dismisses without prejudice the claims of Jacqueline Rosenberg and Eltha Jordan.

**C.     Motion to Proceed Under a Pseudonym**

The Court next considers whether the sole remaining plaintiff, Rudy Rosenberg, can proceed under a pseudonym. Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). The requirement to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). There is a strong presumption that the public should be able to access every single document filed with this court of law." *Saks Inc. v. Attachmate Corp.*, 14-CV-4902 (CM), 2015 WL 1841136 at *14 (S.D.N.Y. Apr. 17, 2015) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001)).

When determining whether a plaintiff can proceed under a pseudonym, the following non-exhaustive list of factors should be considered:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted, alterations in original). "[A] plaintiff who has privacy concerns has the option of either not commencing or discontinuing the action rather than revealing his or her identity to the world." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, at *2 (S.D.N.Y. Nov. 12, 2015).

The claims in Plaintiff's complaint arise out of his 2016 and 2017 arrests on misdemeanor charges, and thus do not involve highly personal and sensitive information. *See, e.g.*, *Doe v. Delta Airlines, Inc.*, No. 13-CV-6287 (PAE), 2015 WL 5781215 at *2 (S.D.N.Y. Oct. 2, 2015) (plaintiff's argument that she would be harmed in her "reputation and finances" if it was revealed that she was arrested for public intoxication did not outweigh the presumption of access).

Plaintiff gives the following reasons for wishing to proceed under a pseudonym in this action:

> Defendants, since March 2016, have persistently and aggressively been stalking and engaging in efforts to stage legal controversies against the plaintiffs so as to cause plaintiffs, through these attempted staged controversies, to become the focus of media attention.
>
> [I]n both the 2016 and 2017 prosecutions, Defendants libeled and defamed Rudy Rosenberg and by implication both Jacqueline Rosenberg and Eltha Jordan as racist bigots who are contemptuous of the judiciary, lawyers and government which is socially tantamount to being labelled as child molesters or similar facsimile.
>
> . . . In the 2017 prosecution, Plaintiff was additionally defamed as a fraud and a thief which is also an equivalent stigma plus social label.

(ECF No. 4, ¶¶ 15-17).

Plaintiff further contends that "[a]llowing the public publishing of Rudy Rosenberg's sealed 2016 and 2017 trial records would not only publicly open Rudy Rosenberg to public scorn, but such publishing would have an equivalent stigma plus impact upon both Jacqueline Rosenberg and Eltha Jordan." (ECF No. 4, ¶ 32). The potential for embarrassment or public humiliation also does not, in itself, justify a request for anonymity. *See Abdel-Raquez*, 2015 WL 7017431, at *4 (collecting cases).

Moreover, Plaintiff's allegations that he will be subjected to harm are wholly speculative. *See, e.g., Doe v. Greiner*, 662 F. Supp. 2d 355, 361 (S.D.N.Y. 2009) (holding that plaintiff's "unsupported and uncorroborated naked assertion that he has worked as an informant and is now in danger is insufficient to set aside the public's interest in open court proceedings"); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (although plaintiff claimed that she faced death threats, request to seal was denied because she failed to "provid [e] any details" or "explai[n] how or why the use of her real name in court papers would lead to harm"). The fact that this is a

4

civil suit for damages, where plaintiff is primarily seeking to vindicate his own interests also weighs against allowing him to proceed under a pseudonym.

In sum, the allegations at issue in this case are not of a highly sensitive and personal nature, and Plaintiff has not demonstrated any real, rather than speculative, harm if his name remains in the judicial record. The Court therefore denies Plaintiff's motion to proceed by pseudonym.[1]

**D.     Motion for Clarification**

On June 22, 2020, Plaintiff submitted an "order to show cause for clarification, reconsideration, and TRO." (ECF No. 6). On June 25, 2020, Plaintiff submitted an amended "order to show cause for clarification, reconsideration, and TRO." (ECF No. 7). On July 6, 2020, Plaintiff filed an "order to show cause for clarification of order & recusal purs. to 28:455 et seq. & TRO." (ECF No. 8.) Plaintiff objects to the May 22, 2020 order on myriad grounds and complains about mailing delays and the manner in which the clerk's office has handled his submissions in this and other cases. Plaintiff seeks "clarification," an investigation into the handling of this case, and an immediate ruling on the motions to proceed under a pseudonym. In the alternative, Plaintiff seeks to have this motion treated as a notice of appeal.

Insofar as Plaintiff seeks information about the dates of receipt of his submissions or mailing of court orders, the Court directs the Clerk of Court to send Plaintiff a copy of the docket sheet. Plaintiff also seeks resolution of his motion to proceed by pseudonym, which the Court has adjudicated herein.

---

[1] The Court also notes that at the time that Plaintiff filed this action, he was on notice of the standards for a motion to proceed by pseudonym, and the presumption in favor of public access, as he has previously been denied leave to proceed by pseudonym. *See Rosenberg v. Shemiran Co., LLC*, No. 20-CV-0229 (CM) (S.D.N.Y. Feb. 3, 2020) (denying leave to proceed by pseudonym and remanding to state court).

**E.     Notice of Appeal**

The Court declines to treat Plaintiff's motion as an appeal from the May 22, 2020 order, as it is a nonfinal order that has not been certified for interlocutory appeal. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

**F.     Motion for Reconsideration**

The Court liberally construes Plaintiff's submissions as a motion under Rule 59(e) to alter or amend judgment. To succeed on a motion under Rule 59(e), a movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *See Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Here, Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the handling of his case thus far. The Court therefore denies the motion for reconsideration.

### G. Temporary Restraining Order

Plaintiff filed an application for a temporary restraining order and a preliminary injunction. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his claims or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See, e.g.*, *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's application for a temporary restraining order and preliminary injunctive relief arising out of the May 22, 2020 order, or the Court's handling of his case to date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Jacqueline Rosenberg, Eltha Jordan, and Rudy Rosenberg, and a copy of the docket sheet to Rudy Rosenberg, and note

service on the docket. The Court dismisses without prejudice the claims of Jacqueline Rosenberg and Eltha Jordan, and this action shall proceed with Rudy Rosenberg as the sole Plaintiff.

      The Court denies the motion to proceed by pseudonym. (ECF No. 4). The documents are currently designated court-view only, but will be unsealed and the case will proceed under Plaintiff's real name within 30 days unless he notifies the Court that he wishes to withdraw the action. The Court denies any other relief requested in Plaintiff's applications (ECF Nos. 6-8) and declines to recharacterize these applications as a notice of appeal. The Clerk of Court is directed to terminate all outstanding motions.

      SO ORDERED.

Dated:   July 13, 2020
          New York, New York

                                                      _Louis L. Stanton_
                                                        Louis L. Stanton
                                                            U.S.D.J.