UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY ROSENBERG; JACQUELINE
ROSENBERG; ELTHA JORDAN,

                Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

20-CV-3911 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      By order dated May 22, 2020, the Court directed Plaintiffs, within thirty days, to submit completed requests to proceed *in forma pauperis* ("IFP applications") or pay the $400.00 in fees required to file a civil action. Plaintiffs did not comply with that order. On August 12, 2020, the Court issued a second order requesting IFP applications within thirty days.[1] That order specified that failure to comply would result in dismissal of the complaint. Plaintiffs have not yet complied with that order. If Plaintiffs do not submit the requisite documents by September 11, 2020, the matter will be dismissed without prejudice.

      On August 26, 2020, Plaintiffs submitted an unsigned order to show cause seeking reconsideration and other relief. (ECF No. 12.) It is substantially similar to earlier submissions from Plaintiffs (ECF Nos. 6, 7, 8, 10), and the Court denies this order to show cause for the same reasons that it denied the earlier ones (*see* order dated July 20, 2020, ECF No. 9, and order dated August 12, 2020, ECF No. 11).

      On August 9, 2020, Plaintiffs submitted notices of appeal. The notices of appeal are premature, as the Court has issued only nonfinal orders that have not been certified for interlocutory appeal. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996)

---

[1] The Court also directed Plaintiffs Jacqueline Rosenberg and Eltha Jordan to submit motions to reopen.

(deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

If Plaintiffs fail to comply with the August 12, 2020 order, and this matter is dismissed as a result, the Court will at that time direct the Clerk of Court to process the notices of appeal.[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated:   September 4, 2020
         New York, New York

                                           /s/ Louis L. Stanton
                                           Louis L. Stanton
                                           U.S.D.J.

---

[2] Plaintiffs submitted the notices of appeal without their true names, although the Court has previously denied Plaintiff's motions to proceed anonymously. Notwithstanding this issue, the Court will direct the Clerk of Court to process the notices of appeal.